UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Civil No. 13-3259 (DWF) |
| Howard L. Lapides, | |
| Debtor. | Bankruptcy Case No. 09-45327 (Chapter 7) |
| _____ | |
| Venture Bank, | Adv. No.  11-04227 |
| Appellant, | |
| v. | **ORDER** |
| Howard L. Lapides and Mary Holter-Lapides, | |
| Appellees. | |
| Howard L. Lapides and Mary Holter-Lapides, | |
| Counter Appellants, | |
| v. | |
| Venture Bank, | |
| Counter Appellee. | |

This matter is before the Court on Appellant Venture Bank's request to certify an appeal to the Eighth Circuit Court of Appeals under 28 U.S.C. § 158(d)(2)(A). (Doc. No. 9.)  Also pending is Venture Bank's Motion for Leave to Amend its statement of the issues on appeal.  (Doc. No. 13.)

Section 158 provides that a District Court may certify a bankruptcy appeal directly to the Court of Appeals if the underlying "judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals . . . ." 28 U.S.C. § 158(d)(2)(A).  Venture Bank frames the issue on appeal as "the enforceability of post-discharge obligations by debtors to pre-petition creditors, and the consideration therefore [sic]."  (Doc. No. 9, Appellant's Request at 2.)  But the actual issue is whether the Bankruptcy Court erred in determining that there was no consideration for the post-discharge agreements between Venture Bank and debtor Howard Lapides.  This is a factual, not a legal, issue, and thus is not appropriately certified to the Court of Appeals.

Venture Bank's request for leave to amend similarly obfuscates the record.  The Bankruptcy Court's decision that there was no enforceable obligation between Venture Bank and Lapides rested on two distinct bases:  (1) that there was no consideration for the agreements; and (2) even if there was consideration, there was no meeting of the minds.  But as Lapides points out in opposing the Bank's certification request, the Bank focused its statement of the issues solely on the consideration issue.  Venture Bank now claims that the Bankruptcy Court's "finding on mutual assent related to a meeting of the mind [sic] regarding the true consideration for the post-petition agreements."  (Doc. No. 13, Appellant's Mot. to Amend at 2.)  But this is not true.  The Bankruptcy Court did not discuss consideration in its discussion of mutual assent.  Rather, that court's opinion that there was no mutual assent rested on the fact that, although Lapides thought he was refinancing the mortgages on his home, "the Bank did not intend to refinance [Lapides's] mortgages at the time the [] Agreements were executed."  (Doc. No. 5-2, Oct. 11, 2013,

Order at 14.) Venture Bank's argument that its statement of the issues encompassed the mutual assent issue is disingenuous.

Lapides asks the Court to deny Venture Bank's request to amend, contending that the statement of the issues is jurisdictional and operates to restrict the issues on appeal. Lapides also argues that Venture Bank's failure to include the mutual-assent issue was not excusable neglect. Venture Bank insists that the statement of the issues is a mere formality that simply instructs the Bankruptcy Clerk to prepare the record on appeal, and has no other legal effect. There appears to be no case law directly on point.

Although the Court is reluctant to reward Venture Bank for its obfuscation of the record here, it is preferable for all issues to be presented and decided in a single appeal, so that should the matter reach the Eighth Circuit, the record is complete. Accordingly, the Court will allow Venture Bank to amend its statement of the issues. The briefing schedule for the appeal shall remain as set forth in the Court's previous Order on the matter. (Doc. No. 10.)

**IT IS HEREBY ORDERED:**

1. The Request for Certification to the Eighth Circuit Court of Appeals (Doc. No. [9]) is **DENIED**; and

2. The Motion for Leave to Amend Statement of Issues (Doc. No. [13]) is **GRANTED**.

Dated: April 15, 2014          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge